IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

| | |
|---|---|
| ANTHONY and IASHA FRAZIER, Individually and as Co-Personal Representatives of the Estate of SHAMARA FRAZIER, Deceased<br><br>PLAINTIFFS,<br><br>v.<br><br>FORD MOTOR COMPANY and CENTURY PRODUCTS CO.,<br><br>DEFENDANTS. | Civil Case No. 05-4077 |

## AGREED PROTECTIVE ORDER

This Matter, having come before the Court on the agreement of the plaintiffs and Graco Children's Products, Inc.; it further appearing that documents produced - or which may be later produced - purportedly constitute trade secret and/or other confidential research, development, competitive or commercial information as such terms may be defined and used under the laws of the State of Arkansas; and it further appearing that judicial economy will be served by entering of this Order,

IT IS HEREBY ORDERED THAT:

1. This Order shall govern documents and other material or information ("Litigation Materials") produced by Graco, formally or informally, in the course of litigation, including but not limited to documents, data, things, information, deposition testimony and answers to discovery.

2. As used in this Order, "Confidential Material" shall refer to any document or other Litigation Materials, or any portion thereof, designated as confidential, as well as information contained in such documents or other Litigation Materials.

3. Graco may designate materials produced as confidential by placing or affixing thereon in such manner as will not interfere with the reasonable legibility thereof the following, or otherwise appropriate, notice: "Confidential Material subject to Protective Order entered in Frazier v. Graco Children's Products, Inc., et al., Case No.: 05-4077, United States District Court, Western District of Arkansas, Texarkana Division." Such designation shall be made in good faith and shall constitute a representation by Graco that it has conducted a thorough investigation and has a reasonable and legitimate basis to claim that the material so designated is appropriate for the protection provided in this Order and that it is entitled to claim such protection for the material. The Plaintiff may require that an authorized representative of Graco execute an affidavit verifying the representation.

4. Confidential Material and any copy thereof and any notes or summaries made therefrom shall not be used by any party receiving it, including such party's attorney or other representatives including expert witnesses, for any purpose other than the litigation of this action, unless the representations made are untrue.

5       All Confidential Material received by an attorney shall be controlled and properly secured by that attorney to prevent unauthorized access to, or reproduction of, the Confidential Material.

6       Confidential material and any copies thereof, and notes or excerpts made therefrom, shall be disclosed only to "Qualified Persons," and only to the extent necessary for the litigation of this action. Qualified Persons are limited to:

(a)   Counsel of record for the parties and the parties themselves;

(b)   The non-technical and clerical staff employed by Counsel of record;

(c)   Independent personnel retained by Counsel of record to furnish technical services, expert services, advice, or to give expert testimony;

(d)   Court reporters and deposition transcript reporters; and

(e)   The Court and its authorized staff.

7       In addition, the attorney disclosing the Confidential Material shall take all necessary steps to ensure that all persons receiving Confidential Material (a) maintain such material in a protected and secure manner, with access restricted at all times to Qualified Persons and (b) abide by the terms of this Protective Order.

8.      If the Plaintiff desires to disclose Confidential Material to anyone other than Qualified Persons, as that is defined in paragraph 6, the Plaintiff will provide Graco fourteen (14) days prior written notice of the intent to

3

disclose Confidential Material to such additional person(s), which notice shall state the name and address of the additional person(s) and the reason(s) review by such additional person(s) is desired. If Graco objects in writing to such disclosure within that fourteen (14) day period, then such Confidential Material will not be disclosed unless and until this Court overrules Graco's objection.

9   If Confidential Material is utilized or referred to during depositions, Graco may request and require that only Qualified Persons, the deponent and the reporter shall be present. A party shall, either at the deposition itself, or within fourteen days (14) after actual receipt of the transcript thereof, notify all other parties and the deponent on the record or in writing, that the information is confidential and shall designate the transcript or portions thereof for which such claim is made.

10   Confidential Material may be referred to or incorporated in briefs, affidavits, or other documents filed with this Court, but only to the extent reasonably necessary for the litigation of this action and provided that such documents shall be filed with the Clerk of Court under seal and prominently marked "Confidential Material subject to Protective Order entered in Frazier v. Graco Children's Products, Inc., et al., Case No.: 05-4077, United States District Court, Western District of Arkansas, Texarkana Division."

11.   If the Plaintiff disagrees with a claim of confidentiality, the Plaintiff shall notify Graco in writing. If the dispute cannot be resolved by agreement, such Confidential material shall be kept confidential unless, within ten (10) days of receipt by Graco of such notice, or such other time period as the parties

4

may agree upon, Graco applies to this Court for an Order seeking protection and confidential treatment. If such a motion is filed, the information shall be kept confidential pending a ruling by this Court. If such motion is not filed within the applicable time period, such information shall lose all confidential status.

12. This Protective Order shall survive the termination of this action. All Confidential Material shall retain that designation and shall remain subject to this Protective Order until such time, if ever, as the Court renders a decision that any challenged material shall not be covered by the terms of this Protective Order and any and all proceedings and appeals challenging such decision shall have been concluded.

13. Upon final termination of this action, all Confidential Material, including each copy thereof, and each document and copy thereof that incorporates or references, in whole or in part, any Confidential Material or information contained therein, including but not limited to notes or summaries concerning or pertaining to such Confidential Material, shall at the option of the recipient of the Confidential Materials be either destroyed or returned to Graco not later than fourteen (14) days after the ultimate disposition of this case. The recipient party shall then provide an affidavit or other affirmation that at all times the party has abided by the terms of this Protective Order, that all Confidential Material in the affiant's custody or control, and all Confidential Material that affiant disclosed to Qualified Persons or to others, has been retrieved and returned to Graco, or has been destroyed.

5

14. Any item marked "confidential" by Graco shall be deemed an authentic business record of the corporation for purposes of the applicable rules of evidence. All other objections related to any confidential documents are specifically reserved.

SO ORDERED, this 22 h day of July, 2006

United States District Judge

CH1\ 4436763 1

U. S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED

**JUL 2 4 2006**

CHRIS R. JOHNSON, CLERK

BY

DEPUTY CLERK