**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION**

ANTHONY FRAZIER, *et al.*                                                                                    PLAINTIFFS

v.                                           Case No. 4:05CV04077 JLH

FORD MOTOR COMPANY, *et al.*                                                                      DEFENDANTS

**ORDER**

Ford Motor Company has appealed from the order of the magistrate judge requiring it to produce documents reviewed by witnesses in preparation for depositions yet to be taken. The magistrate judge ordered Ford to produce the documents two business days before the depositions of corporate witnesses. Ford has appealed pursuant to Rule 72(a) of the Federal Rules of Civil Procedure and Local Rule 72.1.VII.B, arguing that the identity of the grouping of documents that Ford's counsel selects for witnesses to review is opinion work-product and therefore protected. Ford also argues that the magistrate judge clearly erred in ruling contrary to controlling law by requiring production of the documents before the depositions have begun and without requiring the plaintiffs to lay a proper foundation pursuant to Rule 612 of the Federal Rules of Evidence by showing that the documents that the witnesses reviewed refreshed their memories and without establishing that the interests of justice require those documents to be produced.

Although it might well be more practical to require that documents reviewed by a witness be produced before the deposition, it seems fairly clear that the law requires that a foundation be established before the court can order that the documents be produced. Rule 612 provides that if a witness uses a writing to refresh his memory for the purpose of testifying either while testifying, or before testifying, if the court, in its discretion, determines that it is in the interests of justice, an

adverse party is entitled to have the writing produced, to inspect it, to cross-examine the witness on it, and to introduce into evidence those portions that relate to the testimony of the witness. Fed. R. Evid. 612. Rule 30(c)(1) of the Federal Rules of Civil Procedure provides that examination and cross-examination of a deponent proceed as they would at trial under the Federal Rules of Evidence, except Rules 103 and 615. Fed. R. Civ. P. 30(c)(1). The greater weight of authority holds that Rule. 612 is therefore applicable to depositions. *See Nutramax Laboratories, Inc. v. Twin Laboratories, Inc.*, 183 F.R.D. 458, 461 & n.7 (D. Md. 1998).

> As a threshold matter, three foundational elements must be met before Rule 612 is applicable with respect to documents reviewed by a witness to prepare for a deposition: (1) a witness must use a writing to refresh his or her memory; (2) for the purpose of testifying; and (3) the court must determine that, in the interest of justice, the adverse party is entitled to see the writing.

*Id.* at 468; *see also* 28 CHARLES ALAN WRIGHT & VICTOR GOLD, FEDERAL PRACTICE AND PROCEDURE § 6185 (1st ed. 1993). In *United States v. Sheffield*, 55 F.3d 341 (8th Cir. 1995), the court held:

> "[E]ven where a witness reviewed a writing before or while testifying, if the witness did not rely on the writing to refresh memory Rule 612 confers no rights on the adverse party." Moreover, even if a writing has been used to refresh memory of a witness before testifying, the court may require furnishing the statement only if in its discretion it determines it is necessary in the interest of justice.

*Id.* at 343 (citation omitted). The magistrate judge correctly observed that *Sheffield* involved trial testimony rather than a deposition, but, as noted above, Rule 612 applies both to trial testimony and at depositions.

Ford argues that the identity of the documents selected by its lawyers for use in preparing witnesses to testify constitutes opinion work-product. The Eighth Circuit has held opinion work-product includes the selection and compilation of documents by lawyers for use in litigation.

*Petersen v. Douglas County Bank & Trust Corp.*, 967 F.2d 1186, 1189 (8th Cir. 1992); *Shelton v. American Motors Corp.*, 805 F.2d 1323, 1329 (8th Cir. 1986). Ordinarily, documents selected to be reviewed by corporate witnesses in preparation for testifying in cases such as this will have been produced before depositions are taken pursuant to Fed. R. Evid. 26(a)(1)(A)(ii) or Fed. R. Evid. 33. This case is more than three years old, and the parties have engaged in extensive discovery. It is unlikely that many there are many, if any, unprivileged documents that have not already been produced that could be used to refresh the corporate witnesses' memories. Requiring Ford to produce the documents reviewed by corporate witnesses before the depositions begin, for the most part, would not be requiring the production of hitherto unproduced documents; it would be requiring Ford's lawyers to tell the plaintiff's lawyers which documents of those already produced that Ford's lawyers deem significant to the issues about which the corporate witnesses are to testify. While it is the task of Ford's lawyers to prepare their witnesses to testify, it is the task of the plaintiff's lawyers to select the documents about which they wish to inquire. The rules do not contemplate that Ford's lawyers must assist the plaintiff's lawyers in selecting documents about which to inquire during a deposition.

Accordingly, the third paragraph in the conclusion of the magistrate judge's order is amended to eliminate the requirement that Ford produce documents reviewed by corporate witnesses in preparation for testifying two business days before the depositions. If in preparation for his deposition a corporate witness reviews any document that has not already been produced, Ford's lawyers should have that document at the deposition to provide to the plaintiff's lawyers in the event that the foundational requirements of Rule 612 are met with respect to that document. Witnesses should be prepared to testify on each subject matter about which they are asked as to whether they

reviewed any documents not previously produced in preparation for their testimony and, if so, to describe the documents with sufficient specificity to enable opposing counsel and the Court to form judgments as to whether the foundational elements for requiring that document to be produced are present. Witnesses should also be prepared, when shown a document previously produced, to say whether they reviewed that document in preparation for their testimony. Witnesses will not be required to provide a list of documents previously produced that were reviewed in preparation for giving testimony.

    IT IS SO ORDERED this 31st day of October, 2008.

                                                      _____
                                                      J. LEON HOLMES
                                                      UNITED STATES DISTRICT JUDGE